IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | | |
|---|---|---|
| **UNITED STATES OF AMERICA** | : | Criminal No.: 05-246-04 (RMC) |
| | : | |
| v. | : | |
| | : | |
| **RAYMUNDO LOPEZ-VARGAS,** | : | |
| | : | |
| Defendant. | : | |
| | : | |

OPPOSITION TO MOTION TO DISMISS PURSUANT TO FRCP 48(b)

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendants' motion to dismiss the indictment. In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

The defendant was arrested by U.S. Immigration and Customs Enforcement ("ICE"), on August 2, 2005, because he is an illegal alien present in the United States. Thereafter, the defendant remained in administrative detention pending his removal from the United States. On September 22, 2005, a grand jury returned an indictment that charged the defendant with several criminal offenses, including conspiracy, relating to the possession, production, and transfer of fraudulent government identification documents.

The defendant contends that this case should be dismissed because he was indicted more than 30 days after his August 2nd arrest, in violation of the Speedy Trial Act.[1] This argument fails,

---

[1] The Speedy Trial Act requires that any "information or indictment charging an individual with the commission of an offense shall be filed within thirty days from the date on which such individual was arrested . . . in connection with such charges." 18 U.S.C. § 3162(b).

however, because the defendant was arrested by ICE for an administrative reason – his presence in the U.S. illegally – not because he had violated any criminal laws.

The courts have recognized that "detentions [by ICE] preceding deportation are civil in nature and do not trigger rights under the Speedy Trial Act." U.S. v. Drummond, 240 F.3d 1333, 1335 ((11th Cir. 2001); see also U.S. v. Garcia-Martinez, 254 F.3d 16, 20 (1st Cir. 2001). Thus, the general rule is that when ICE makes a civil or administrative arrest of an individual so that he may be removed from the U.S., the Speedy Trial Act's 30-day rule for indictment on criminal charges is not triggered. However, the court in Drummond explained that there is an exception to this rule:

> While routine [ICE] detentions incident to deportation will not trigger the Speedy Trial Act, a contrary result may be warranted when deportations are used by the government as 'mere ruses to detain a defendant for later criminal prosecution.' . . . To invoke this exception, however, we have placed the burden on the detainee to establish that the 'primary or exclusive purpose of the civil detention was to hold him for future prosecution.'

Drummond, 240 F.3d at 1336 (citing U.S. v. Noel, 231 F.3d 833, 836 (11th Cir. 2000) and U.S. v. Cepeda-Luna, 989 F.3d 353, 357 (9th Cir. 1993)).

In this case, the defendant was arrested because he was present in the United States illegally, and he was placed in administrative proceedings to be deported. For that reason, the defendant cannot meet his burden of demonstrating that the primary or exclusive purpose of his arrest was to detain him for criminal prosecution. In any event, there is no validity to such a claim.

As a hearing on this issue will establish, once an illegal alien, such as the defendant, is detained in order to be removed from the U.S., he remains in the deportation process unless and until a warrant for his arrest on criminal charges is issued. The court in U.S. v. De La Pena-Juarez, 214 F.3d 594 (5th Cir. 2000), received testimony which explained that the Deportations Branch of ICE

2

and the Investigative Branch of ICE work independently: "[a]ccording to the government, once a deportable alien is placed in detention, the Investigations Branch and the Deportations Branch of the INS [ now ICE] work independently." Id. at 596. Furthermore, "[a]ccording to the government, the Investigations Branch has no authority to prevent the Deportations Branch from proceeding with deportation of an alien." Id. at 596 n. 2. That was true in this case. The defendant could have been deported before the government completed its criminal investigation and obtained the indictment and arrest warrant. He remained eligible to be deported because the government was not "colluding" with ICE to delay the defendant's deportation. Indeed, there has been at least one instance involving cases investigated by the ICE agents who investigated this case in which a defendant who was eventually indicted had already been deported by ICE.[2] In other words, the primary purpose of that defendant's administrative detention was carried out because the government's independent criminal investigation did not delay or interfere with the administrative process.

The fact that the defendant was arrested for an administrative reason, that is, his presence in this country illegally, does not mean that ICE cannot conduct, or continue to conduct, a criminal investigation of his activities – as long as the primary or exclusive purpose of his administrative arrest (for Speedy Trial Act purposes) was not simply to detain him for criminal prosecution. The courts have recognized that the government may conduct a criminal investigation of a person who is being detained for removal. See, e.g., U.S. v. Dyer, 325 F.3d 464, 468-69 (3rd Cir. 2003) ("the Speedy Trial Act's time limit is not triggered by the fact that the INS is conducting a reasonable

---

[2]In that case, U.S. v. Corona-Zavala, Vasquez-Corona and Hernandez-Castro, 05-36, ICE arrested the individuals pursuant to its administrative powers because they were present in the U.S. illegally. However, by the time the government completed its investigation, indicted the defendants for offenses that included conspiracy to sell illegal identity documents and obtained arrest warrants, defendant Vasquez-Corona had already been deported.

investigation in order to decide whether the reentrant should be prosecuted or deported without prosecution").

After the defendant's arrest and administrative detention, it was reasonable for the ICE investigators to investigate his possible criminal activity[3] and for the government to consider whether criminal charges against the defendant would be appropriate. The defendant's argument that he should have been charged with a crime at the time of his arrest really amounts to an assumption that the ICE investigator must have had probable cause to arrest him for a criminal offense at the time he was encountered by the ICE investigator. However, the defendant would no doubt agree that an investigator's "suspicion" that he might have committed a crime does not automatically constitute "probable cause" to believe that he has committed a crime. The government, especially the prosecutor, has an obligation to evaluate the evidence an investigator gathers and presents to determine whether it is appropriate to seek criminal charges – especially where a conspiracy involving multiple parties is a possibility. Indeed, the investigators and/or the prosecutor, decide not to seek criminal charges against many, if not the majority, of the individuals who are detained for removal and also suspected of having engaged in criminal activity.

The primary purpose for the defendant's arrest on August 2nd was to detain him for removal from the U.S. because he is here illegally. That primary purpose did not change until the day he was indicted on criminal charges and a warrant was issued for his arrest.[4] Only then was the removal

---

[3] To the extent such investigation included interviewing the defendant about his criminal activity, such an interview would be appropriate unless it violated Miranda or some other federal law.

[4] The ICE agent who is conducting the criminal investigation must send a copy of the arrest warrant to the Deportation Branch in order for the defendant to be taken out of the deportation process.

4

process halted. Accordingly, the defendant's motion to dismiss should be denied because there has been no violation of the Speedy Trial Act.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
        United States Attorney
        Bar No. #451058


By: _____
    FREDERICK W. YETTE
    Assistant United States Attorney
    D.C. Bar No. #385391
    Federal Major Crimes Section
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 353-1666
    Frederick.Yette@usdoj.gov