IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| **UNITED STATES OF AMERICA** : | Crim. Case No. 05-246-01, 02, 03, 04 (RMC) |
| : | |
| **v.** : | |
| : | |
| **JOSE LUIS CONTRERAS-MACEDAS,** : | |
| **DAVID MORA-GIL,** : | |
| **PELES FRANCISO,** : | |
| **RAYMUNDO LOPEZ-VARGAS,** : | |
| : | |
| **Defendants.** | |

## OPPOSITION TO DEFENSE MOTION TO DISMISS
## COUNTS CHARGING AGGRAVATED IDENTITY THEFT FOR LACK OF EVIDENCE

The United States, by and through its attorney, the United States Attorney for the District of Columbia, respectfully opposes the defendants' Motion to Dismiss Counts of Aggravated Identity Theft for Lack of Evidence.[1] In support of its opposition, the United States relies on the following points and authorities and such other points and authorities as may be cited at a hearing on this motion.

---

[1] Defendant Contreras-Macedas filed a "Motion to Dismiss Count 2 of the Indictment for Lack of Evidence" prior to the Superseding Indictment. The Motion seeks dismissal of the charges of Aggravated Identity Theft, under 18 U.S.C. § 1028A(a)(1). When the Motion was filed, Contreras-Macedas and Mora-Gil were charged with Aggravated Identity Theft in Counts Two and Three of the Indictment. The Aggravated Identity Theft charges are not alleged in Counts Two and Three of the Superseding Indcitment. Moreover, the Superseding Indictment alleges Aggravated Identity Theft against two new defendants, Raymundo Vargas-Lopez and Peles Francisco. Even though those two defendants did not specifically seek to adopt this Motion to Dismiss, the government will assume that the Court would have granted such a motion to adopt, and therefore we respond as if the motion applies to all four of these defendants. The relevant counts of Aggravated Identity Theft in the Superseding Indictment are Counts Five (Contreras-Macedas), Six (Mora-Gil), Eight (Francisco) and Thirteen (Lopez-Vargas).

Defendants Contreras-Macedas, Mora-Gil, Francisco and Lopez-Vargas are each charged with one count of Aggravated Identity Theft because they possessed at least one illegal identity document, *e.g.*, a fraudulent social security card, employment authorization card or permanent resident card, that contained an identifying number that belongs to a real person. The defendants argue that the government cannot prove that they violated the Aggravated Identity Theft statute, 18 U.S.C. § 1028A, if the government lacks proof that the defendants actually **knew** the identifying number (that is, the social security number or alien number) belonged to a real person. The government contends that it must prove only that the defendants **knowingly possessed** the illegal identity document which contained an identifying number that belonged to a real person. Stated another way, in the government's view, the defendants are guilty of Aggravated Identity Theft even if they did not know that the identifying number belonged to a real person, as long as they knew they possessed a fraudulent identity document.

## ARGUMENT

The government's position is supported by and fully explained in United States v. Montejo, 353 F. Supp. 2d 643 (E.D. Va. 2005). In that case, the district court framed the argument this way:

> The Government asserted that all § 1028A(a)(1) requires is that the accused knew that the means of indentification he transferred, possessed, or used was not his own, regardless of whether he thought it belonged to another person or instead believed that it was fake. Conversely, Montejo argued that § 1028A(a)(1) requires that the accused was aware that the means of identification actually belonged to another individual.

Id. at 646. The Montejo court discussed and rejected the defendant's argument that he could be convicted of Aggravated Identity Theft only if the goverment proved that he knew the identifying numbers on his fake resident alien card and social security card belonged to a real person. The

government believes that Montejo is dispositive of the issue presented in our case.

The defendant suggests that the reasoning in Montejo has been overruled by the Supreme Court in Arthur Andersen v. United States, __ U.S. __, 125 S. Ct. 2129 (2005). In Arthur Andersen, the Court decided that the relevant statute required that a defendant could be convicted if it were proven that the defendant "knowingly . . . corruptly persuades" another person with intent to engage in activity prohibited by the statute. Id. at 2135-36. Although Montejo was decided before Arthur Andersen, the Supreme Court's ruling does not alter the correctness of the decision in Montejo.

The language of § 1028A(a)(1) states:

> Whoever, during and in relation to any felony violation enumerated in subsection (c), *knowingly transfers, possesses, or uses*, without lawful authority, a means of identification of another person shall, in addition to the punishment provided for such felony, be sentenced to a term of imprisonment of 2 years. (emphasis added)

The plain language of the operative clause in this statute clearly shows that "knowingly" modifies "transfers, possesses, or uses," and not the more distant phrase "means of identification of another." In discussing the plain language of § 1028A(a)(1) Montejo observed, "[o]rdinarily, qualifying words apply only to their immediate antecedent." Montejo, at 648 (citing Nat'l Coalition for Students with Disabilities Educ. and Legal Def. Fund v. Allen, 152 F.3d 283, 288 n.6 (4th Cir. 1998) and 2A Sutherland Statutory Construction § 47.33 (5th ed. 1992)). Therefore, under the plain reading of § 1028A(a)(1), the defendants in this case can be convicted if the government proves they knowingly possessed fake documents, even if they were not aware the "means of identification" belonged to another person.

The <u>Arthur Andersen</u> decision does not change this result. That case is inapposite for two reasons. First, <u>Arthur Andersen</u> supports the contention that when considering the plain language of a statute, words generally are modified by their direct antecedents. Second, while the <u>Arthur Andersen</u> Court went on to read the statute before it to require a culpable mens rea, it did so for reasons not implicated here.

With regard to the plain language reading of a statute, <u>Arthur Andersen</u> is but the last in a long line of authorities to hold that adverbs tend to modify the verbs they immediately precede. <u>Arthur Andersen</u> considered 18 U.S.C. §§ 1512(b)(2)(A) and (B), which provide that a person commits a crime if he "knowingly uses intimidation, threatens, or corruptly persuades another person . . . with intent to" cause that person to withhold documents from, or alter documents for use in, an "official proceeding." The Court held that "knowingly" modifies "corruptly persuades" because that is "how the statute most naturally reads." <u>Arthur Andersen</u>, at 2135. As the Court reasoned:

> [The statute] provides the mens rea – "knowingly" – and then a list of acts – "uses intimidation or physical force, threatens, or corruptly persuades." We have recognized with regard to similar statutory language that the mens rea at least applies to the acts that immediately follow, if not to other elements down the statutory chain. *Id.*

Such construction is consistent with prior Supreme Court law. <u>See</u> <u>United States v. X-Citement Video, Inc.</u>, 513 U.S. 64, 68 115 S. Ct. 464, 467 (1994) (recognizing that the "most natural grammatical reading" of 18 U.S.C. §§ 2252(a)(1) and (2) "suggests that the term 'knowingly' modifies only the surrounding verbs: transports, ships, receives, distributes, or reproduces").

Reading § 1028A(a)(1) as <u>Arthur Andersen</u> reads 18 U.S.C. §§ 1512(b)(2)(A) and (B), would require interpreting "knowingly" in § 1028A(a)(1) as the <u>Montejo</u> court did: that is, as modifying those verbs that directly follow it – "transfers, possesses, or uses" – and not the later

4

phrase – "means of identification of another."

The defendants ares correct that <u>Arthur Andersen</u> interpreted the statute before it so as to require knowledge of wrongfulness. For this proposition as well, <u>Arthur Andersen</u> is but the last of a line of cases to set aside the plain language of a statute where it threatens to impose serious penalties for potentially inadvertent conduct. <u>Arthur Andersen</u>, 125 S. Ct. at 2134; <u>United States v. X-Citement Video, Inc.</u>, 513 U.S. 64, 68-72, 115 S. Ct. 464, 467-69 (1994); <u>United States v. Staples</u>, 511 U.S. 600 (1994). A *mens rea* requirement is "particularly appropriate. . .where the act underlying the conviction. . . is by itself innocuous [because] fair warning should be given to the world in language that the common world will understand, of what the law intends to do if a certain line is passed." <u>Arthur Andersen</u> at 2134; <u>see</u> <u>also</u> <u>X-Citement Video</u>, 513 U.S. at 68 (requiring the defendant to have knowledge that depicted persons were minors in federal child pornography cases under 18 U.S.C. §§ 2252(a)(1) and (2)); <u>Staples</u>, 511 U.S. 600 (1994) (requiring knowledge of attributes of certain types of firearms like automatic weaponry criminalized under federal law).

While the <u>Montejo</u> court did not have the benefit of <u>Arthur Andersen</u>, it recognized and discussed the proposition for which the latter case stands by reference to analogous cases. "[*X-Citement Video* and *Staples*] are binding authority that the mens rea requirement applies only to those elements of the offense that punish otherwise innocent conduct." <u>Montejo</u>, 353 F. Supp. 2d at 649. In distinguishing Montejo's case from those authorities, the district court noted that § 1028A explicitly requires that the defendant must have engaged in other, wrongful conduct as enumerated in § 1028A(c)(1). By its terms, § 1028A(a)(1) requires that the use, transfer or possession of another person's means of identification occur "during and in relation to any felony violation enumerated in section (c)." All of the enumerated crimes in § 1028A(c) require a showing of appropriate

5

criminal intent; none are regulatory offenses lacking a *mens rea* requirement.

"In other words, using a means of identification that is not one's own, regardless of whether it belonged to someone else, is not lawful or constitutionally protected. Montejo may not have known that he was using a means of identification that belonged to someone else, but he did know that he was engaged in otherwise unlawful conduct." Montejo, at 650. Therefore, guilty behavior is necessarily an *element* of any conviction under 18 U.S.C. § 1028A, and "there is no risk that restricting the *mens rea* requirement to the conduct involved [knowing use or possession of documents] will criminalize – or even chill – otherwise innocent behavior." Id. Accordingly, proof that the defendants knowingly possessed a fake document with a real identifying number – even if they were unaware that the identifying number belonged to a real person – is sufficient proof for conviction under § 1028A(a)(1).

**WHEREFORE**, the United States respectfully requests that the Court deny the Motion to Dismiss the Aggravated Identity Theft counts.

    Respectfully submitted,

    KENNETH L. WAINSTEIN
    United States Attorney
    Bar No. 451 058

By: _____
    FREDERICK W. YETTE
    Assistant United States Attorney
    D.C. Bar No. #385391
    Transnational/Major Crimes Section
    555 4th Street, N.W.
    Washington, D.C. 20530
    (202) 353-1666
    Frederick.Yette@usdoj.gov