UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 05-246-04 (RMC) |
| v. | : |
| RAYMUNDO LOPEZ-VARGAS | : JUDGE COLLYER |

**MOTION FOR SEVERANCE OF DEFENDANTS**
**AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES**
**IN SUPPORT THEREOF**

Raymundo Lopez-Vargas, by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 14, his rights to fundamental fairness and to a fair trial embodied in the Fifth and Sixth Amendments to the United States Constitution, for a severance of his trial from that of his co-defendants in the above-captioned case. As grounds for this motion, Defendant states as follows.

1. Defendant has been indicted for conspiracy, production of fraudulent documents, transfer of fraudulent documents, possession of fraudulent documents, aggravated identity theft, possession of five or more false identification documents, possession of document-making implements, and unlawful re-entry of a removed alien. He has been indicted with six other individuals.

2. On information and belief, several, if not all, co-defendants have made inculpatory post-arrest statements that directly implicate Defendant.

**ARGUMENT**

4. Mr. Lopez-Vargas will be prejudiced if he is forced to trial with any co-defendant who has made a post arrest statement implicating him in the incidents for which he now has been indicted. In *Bruton v. United States*, 391 U.S. 123 (1968) the Supreme Court recognized that an accused's right to cross-examination, as embodied in the Sixth Amendment, is violated by introduction of a statement by a co-defendant implicating the accused when that co-defendant elects not to testify. Moreover, the Supreme Court recognized the inadequacy of jury instruction to cure any prejudice from the introduction of such statements. 391 U.S. at 129 ("The naive assumption that prejudicial effects can be overcome by instructions to the jury ... all practicing lawyers know to be unmitigated fiction.'") (*citing Krulewitch v. United States*, 336 U.S. 440, 453 (Jackson, J., concurring)).

5. Discovery to date has not identified the source nor substance of the co-defendant statements. However, based upon information and belief there are *Bruton* issues that require severance.

**WHEREFORE**, for all the foregoing reasons, and for any other reasons this Court may deem just and proper, and which may appear in supplemental pleadings, which Defendant Lopez-Vargas explicitly reserves the right to file, Defendant, through counsel, respectfully requests that this motion be granted and that his trial be severed

from that of all co-defendants who have made post arrest statements implicating him.

                Respectfully submitted,

*Christopher M. Davis*

CHRISTOPHER M. DAVIS
Davis & Davis
The Lincoln Building
514 10th Street, NW 9th Floor
Washington, D.C. 20004

202-234-7300

## CERTIFICATE OF SERVICE

    I HEREBY CERTIFY that a copy of this Motion was filed electronically and all parties were served through electronic notification on this 19th day of January, 2006

*Christopher M. Davis*

Christopher M. Davis

-3-

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA | : CRIMINAL NO. 05-246(RMC) |
| v. | : |
| RAYMUNDO LOPEZ-VARGAS | : JUDGE COLLYER |

**ORDER**

Upon consideration of the Defendant Raymundo Lopez-Vargas' **MOTION FOR SEVERANCE OF DEFENDANTS,** and any opposition or lack thereof, it is this _____ day of _____ , 2006 hereby

**ORDERED** that Defendant Raymundo Lopez-Vargas' trial be severed from that of his co-defendants**.**

_____
ROSEMARY M. COLLYER
U.S. District Judge