IN THE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v,                                                    Crim. No. O5-246-04 (RMC)

RAYMUNDO LOPEZ-VARGAS


MOTION TO SUPPRESS STATEMENTS

Raymundo Lopez-Vargas, by his attorney, Christopher M. Davis, requests

suppression of any statements allegedly made by him and in support thereof state the

following:

1.      The Government alleges that Mr. Lopez-Vargas made statements to

authorities and that they may be introduced at the trial in their case.

2.      Mr. Lopez-Vargas asserts that any statements were taken from him were

made without *Miranda* warnings.

3.      Mr. Lopez-Vargas asserts that any statements made by him were not

freely and voluntarily given.

4.      Mr. Lopez-Vargas asserts that any statements given by him were the

result of coercion or promises.

Wherefore he requests a hearing and the suppression of any statements.

Respectfully submitted,


*Christopher M. Davis*

Christopher M. Davis
The Lincoln Building
514 10th Street NW 9th Floor
Washington, DC 20004
202 234-7300

IN THE DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

UNITED STATES OF AMERICA

v,                                                    Crim. No. O5-256-04 (RMC)

RAYMUNDO LOPEZ-VARGAS


MEMORANDUM IN SUPPORT OF MOTION TO SUPPRESS

*Miranda* warnings are required when a subject is interrogated while in custody. *Miranda v. Arizona*, 384 U.S. 436 (1966). Any statements taken from Defendant do not fall within the very narrow exceptions recognized by the Supreme Court. *Pennsylvania v. Muniz*, 496 U.S. 582 (1990) (the booking exception); *New York v. Quarles*, 467 U.S. 649 (1984) (public safety exception).

For a statement of the defendant to be admitted the Government is required to show that the statement was voluntary. A statement must be "the product of an essentially free and unconstrained choise by its maker." *Culombe v. Connecticut*, 367 U.S. 568, 602 (1961). The test in determining whether a confession is voluntary is whether it was in any way coerced so as not to be the product of the free, independent will of the confessor. *Malloy v. Hogan*, 378 U.S. 1 (1964); *Blackburn v. Alabama*, 361 U.S. 199 (1960). As a general rule, Government conduct which is coercive is a predicate for a finding of involuntariness. *Colorado v. Connelly*, 479 U.S. 157, 167 (1986).

The Supreme Court in *Dickerson v. United States,* 530 U.S. 428 (2000) reviewed the law of confessions:

We begin with a brief historical account of the law governing the admission of confessions. Prior to Miranda, we evaluated the admissibility of a suspect's confession under a voluntariness test. The roots of this test developed in the common law, as the courts of England and then the United States recognized that coerced confessions are inherently untrustworthy. See, e.g., *King v. Rudd*, 1 Leach 115, 117-118, 122-123, 168 Eng. Rep. 160, 161, 164 (K. B. 1783) (Lord Mansfield, C. J.) (stating that the English courts excluded confessions obtained by threats and promises); *King v. Warickshall*, 1 Leach 262, 263-264, 168 Eng. Rep. 234, 235 (K. B. 1783) ("A free and voluntary  confession is deserving of the highest credit, because it is presumed to flow from the strongest sense of guilt . . . but a confession forced from the mind by the flattery of hope, or by the torture of fear, comes in so questionable a shape . . . that no credit ought to be given to it; and therefore it is rejected"); *King v. Parratt*, 4 Car. & P. 570, 172 Eng. Rep. 829 (N. P. 1831); *Queen v. Garner*, 1 Den. C.C. 329, 169 Eng. Rep. 267 (Ct. Crim. App. 1848); *Queen v. Baldry*, 2 Den. C.C. 430, 169 Eng. Rep. 568 (Ct. Crim. App. 1852); *Hopt v. Territory of Utah*, 110 U.S. 574, 28 L. Ed. 262, 4 S. Ct. 202 (1884); *Pierce v. United States*, 160 U.S. 355, 357, 40 L. Ed. 454, 16 S. Ct. 321 (1896). Over time, our cases recognized two constitutional bases for the requirement that a confession be voluntary to be admitted into evidence: the Fifth Amendment right against self-incrimination and the Due Process Clause of the Fourteenth Amendment. See, e.g., *Bram v. United States*, 168 U.S. 532, 542, 42 L. Ed. 568, 18 S. Ct. 183 (1897) (stating that the voluntariness test "is controlled by that portion of the Fifth Amendment . . . commanding that no person 'shall be compelled  in any criminal case to be a witness against himself'"); *Brown v. Mississippi*, 297 U.S. 278, 80 L. Ed. 682, 56 S. Ct. 461 (1936) (reversing a criminal conviction under the Due Process Clause because it was based on a confession obtained by physical coercion).

While *Bram* was decided before *Brown* and its progeny, for the middle third of the 20th century our cases based the rule against admitting coerced confessions primarily, if not exclusively, on notions of due process. We applied the due process voluntariness test in "some 30 different cases decided during the era that intervened between *Brown* and *Escobedo v. Illinois*, 378 U.S. 478, 12 L. Ed. 2d 977, 84 S. Ct. 1758 [(1964)]." *Schneckloth v. Bustamonte*, 412 U.S. 218, 223, 36 L. Ed. 2d 854, 93 S. Ct.  2041 (1973). See, e.g., *Haynes v. Washington*, 373 U.S. 503, 10 L. Ed. 2d 513, 83 S. Ct. 1336 (1963); *Ashcraft v. Tennessee*, 322 U.S. 143, 88 L. Ed. 1192, 64 S. Ct. 921 (1944); *Chambers v. Florida*, 309 U.S. 227, 84 L. Ed. 716, 60 S. Ct. 472 (1940). Those cases refined the test into an inquiry that examines "whether a defendant's will was overborne" by the circumstances surrounding the giving of a confession.

*Schneckcloth,* 412 U.S. at 226. The due process test takes into consideration "the totality of all the surrounding circumstances -- both the characteristics of the accused and the details of the interrogation." Ibid. See also, *Haynes*, supra, at 513; *Gallegos v. Colorado*, 370  U.S. 49, 55, 8 L. Ed. 2d 325, 82 S. Ct. 1209 (1962); *Reck v. Pate*, 367 U.S. 433, 440, 6 L. Ed. 2d 948, 81 S. Ct. 1541 (1961) ("All the  circumstances attendant upon the confession must be taken into account"); *Malinski v. New York*, 324 U.S. 401, 404, 89 L. Ed. 1029, 65 S. Ct. 781 (1945) ("If all the attendant circumstances indicate that the confession was coerced or compelled, it may not be used to convict a defendant"). The determination "depends upon a weighing of the circumstances of pressure against the power of resistance of the person confessing." *Stein v. New York*, 346 U.S. 156, 185, 97 L. Ed. 1522, 73 S. Ct. 1077 (1953).

The Supreme Court in *Bram v. United States*, 168 U.S. 532, 542-543 (1897) has held that the admissibility of a confession depended upon whether it was compelled within the meaning of the Fifth Amendment. To be admissible, a confession must be 'free and voluntary: that is, must not be extracted by any sort of threats or violence, nor obtained by any direct or implied promises, however slight, nor by the exertion of any improper influence.". (Emphasis added.) This would include any promise of immunity. See *Shotwell Mfg. Co. v. United States*, 371 U.S. 341, 348 (1963).

Once it is proffered that a promise was given by authorities the inquiry is "whether the confession was "extracted" by the threats or implied promises, "however slight." See *Hutto,* 429 U.S. at 30. For a threat or an implied promise to invalidate a defendant's statement, "the pressure, in whatever form [or 'however slight'], [must be] sufficient to cause the petitioner's will to be overborne and his capacity for self-determination to be critically impaired." *Ferguson,* 566 F.2d at 877 (citing *Culombe v. Connecticut*, 367 U.S. 568, 602, 81 S. Ct. 1860, 6 L. Ed. 2d 1037 (1961)).

In this case, Defendant was arrested on August 2, 2005, following the search of

3

his residence.  He was taken into custody by agents with the United States Immigration

and Customs Enforcement (ICE) and detained.  Defendant was not taken before a

Federal Magistrate Judge until October.  Defendant was told that if he provided a

statement he would be sent back to Mexico.  On August 23, 2005, despite not being

informed of the charges against him, not being brought before a magistrate, not being

advised of his rights under *Miranda*[1], and being promised that he would be returned to

Mexico and not charged, Defendant allegedly provided the agents with a statement.

     Because the alleged statement was unlawfully obtained, it must be suppressed.

Respectfully submitted,

**Christopher M. Davis**

Christopher M. Davis
The Lincoln Building
514 10th Street NW 9th Floor
Washington, DC 20004
202 234-7300

CERTIFICATE OF SERVICE

     I hereby certify that a copy of this Motion was filed electronically and all parties
were served through electronic notification on this 18th  day of January, 2006.

**Christopher M. Davis**

Christopher M. Davis

---

[1] Defendant was interrogated by the agents prior to being advised of his *Miranda* rights.  To give *Miranda* warnings mid-interrogation is improper and statements made both before and after the warnings must be suppressed.  *Missouri v. Siebert*, 542 U.S. 600 (2004).

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


UNITED STATES OF AMERICA              : CRIMINAL NO. 05-246(RMC)
          v.                          :

RAYMUNDO LOPEZ-VARGAS                 : JUDGE COLLYER

**ORDER**

Upon consideration of the Defendant Raymundo Lopez-Vargas **MOTION TO**

**SUPPRESS STATEMENTS** and any opposition, or lack thereof, it is on this _____ day of

_____ , 2006 hereby

ORDERED  that the motion is hereby **GRANTED.**


_____
ROSEMARY M. COLLYER
U.S. District Judge