UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>RAYMUNDO LOPEZ-VARGAS | : CRIMINAL NO. 05-246-04(RMC)<br>:<br>: JUDGE COLLYER |

## MOTION TO SUPPRESS TANGIBLE EVIDENCE
## AND INCORPORATED MEMORANDUM OF POINTS AND AUTHORITIES
## IN SUPPORT THEREOF

Raymundo Lopez-Vargas, by and through undersigned counsel, respectfully moves this Honorable Court, pursuant to Federal Rule of Criminal Procedure 12, to suppress all evidence seized as a result of an illegal search of his residence. In support, thereof, Defendant states the following.

### FACTS

1. On August 2, 2005, beginning at 6:00 a.m., members of the United States Immigration and Customs Enforcement (ICE) executed a search warrant at 526 Tuckerman Street, NW, in the District of Columbia. There was no "knock and announce" prior to entry.

2. As a result of this search, a number of items were seized.

3. Because the officers did not comply with the knock and announce requirement and because the search warrant was not supported by probable cause, all evidence seized must be suppressed.

**ARGUMENT**

A.  <u>Affidavit in support of the search warrant does not establish probable cause.</u>

An affidavit in support of a search warrant must set forth facts from which a reasonably prudent person may conclude that the search would result in the recovery of evidence of crime.  *Berger v. New York*, 388 U.S. 41, 55 (1967).  The judicial officer, in reviewing the affidavit, must determine whether "there is fair probability that contraband or evidence of a crime will be found in a particular place."  *Illinois v. Gates*, 462 U.S. 213, 238 (1983).  The affidavit in this case fails to satisfy the requirements for issuance of a valid warrant.

As the attached affidavit indicates, agents conducted surveillance of 526 Tuckerman Street, NW, on 5 separate days between July 6, 2005 and July 26, 2005.  See pp. 7-11.  The surveillance team observed either one or two individuals entering or exiting 526 Tuckerman Street and riding in a Dodge Shadow vehicle which is registered to an individual named "Pedro Hernandez-Gutierrez" of Durham, North Carolina.  The vehicle would travel to various locations in the area of Columbia Road, NW.

On July 6, the agents observed two individuals leave 526 Tuckerman Street and enter the vehicle.  The vehicle was followed and the agents observed the passenger exit the vehicle near the Columbia Heights Metro Station.  The passenger of the vehicle was followed as he walked to Columbia and Ontario Roads, NW where he was seen "loitering with several previously identified document vendors" on Columbia Road.  The driver was seen "exiting the vehicle and walking eastbound on the north side of Columbia Road, in an area known for the sale of illegal identity documents.  Affidavit pp. 7-8.

On July 19, 2005, two individuals left the Tuckerman Street premises, traveled to the 1600 block of Columbia Road and parked. One occupant of the vehicle entered El Miguelino's Restaurant while the other occupant walked on the sidewalk near Adventure Travel Agency. The affidavit indicates that these establishments "are known as places where fraudulent document vendors from Bolas' group take customers in order to complete transactions for the sale of illegal identity documents." Affidavit p. 8.

On July 21, 2005, the agents observed "one Hispanic male" exit the backyard of 526 Tuckerman and leave in the Dodge Shadow. Affidavit pp. 8-9.

Then on July 25, 2006, the agents followed the vehicle from the 1700 block of Lanier Place to 526 Tuckerman Street, where "two Hispanic males" were seen entering the rear of 526 Tuckerman Street. Affidavit p. 9.

On July 26, the last day of surveillance, the Dodge Shadow was seen parked behind the Safeway on Columbia Road. An individual drove the car to 526 Tuckerman and exited the vehicle and entered the premises. The same individual then left the premises, got into the vehicle and picked up another individual at 3170 Mount Pleasant Road. The passenger was dropped off on 16th Street. The driver returned to Tuckerman Street. Affidavit pp. 9-10. The agents, later that same day, saw the car parked on the 1600 block of Harvard Street, NW. The individual, who on earlier occasions was seen driving that vehicle, was observed "sitting at the bus stop located at Ontario and Columbia Road." Affidavit p. 10. The Affidavit then states, "law enforcement agents have observed members of the Bolas' group soliciting numerous customers for the sale of illegal identity documents at this particular bust stop. Moreover, in the recent past, at least one member of Bolas' group was arrested in

possession of illegal identity documents at the bus stop."

What is glaringly absent from the affidavit are any facts from which a reasonably prudent person would conclude that there was evidence of criminal activity in 526 Tuckerman Street.  The Government asks this Court to find probable cause based on the following facts:

^ An individual named "Bolas" has brought in people from New York and North Carolina to sell illegal identity documents in the 1600-1800 blocks of Columbia Road.

^ The unnamed resident of 526 Tuckerman Street has been seen on five days driving a vehicle registered to an Hispanic male in Durham, North Carolina.

^ The driver of the vehicle has been seen in public areas of Columbia Road where there have been prior sales of illegal identity documents.

Based on the affidavit, the Government would have this Court find there is probable cause to search the home of any Hispanic male who drives a vehicle registered in North Carolina and who happens to ventures into the area of the 1700 block of Columbia Road on a few occasions.  Defendant submits that Fourth Amendment protections are not that lax.   Presence in a high crime area does not equal probable cause.  *See Brown v. Texas*, 443 U.S. 47, 51-52 (1979) ("the fact that appellant was in a neighborhood frequented by drug users, standing alone, is not a basis fro concluding that appellant himself was engaged in criminal conduct.")

Moreover, the affidavit is void of a single fact alleging that the occupant of 526 Tuckerman Street committed any unlawful acts.  There are no allegations that Defendant sold any illegal documents to anyone, that he sought to sell such documents, or that he was even seen in the possession of fraudulent documents.  The individuals who accompanied Defendant were not found in the possession of fraudulent

documents. There is not even an allegation that there was ever an exchange of any type between the occupant of 526 Tuckerman and any other individual. Finally, there is nothing to indicate that the the occupant of 526 Tuckerman was the owner of the North Carolina vehicle. There is simply nothing in the affidavit to indicate that defendant was engaged in any illegal activity whatsoever. Because there are no facts to indicate that the Defendant was involved in any illegal activities, there certainly is nothing to support the probability that evidence of that illegal activity would be found in his home. Therefore, the warrant was fatally defective and the evidence seized from 526 Tuckerman Street must be suppressed.

B. <u>Agents did not knock and announce prior to entry.</u>

An officer authorized by warrant to enter a private dwelling must comply with 18 U.S.C. § 3109 which requires that the officer must give notice of his authority and purpose. It only after such notice, and being refused admittance, can the officer forcibly enter.

In this case, the agents arrived at 526 Tuckerman Street at 6:00 a.m. They immediately and forcibly entered the premises without first giving notice as required by the statute. Nor were there any exigent circumstances making compliance inappropriate. *Richards v. Wisconsin*, 520 U.S. 385 (1997) (a no-knock entry is justified when there is reasonable suspicion that knocking and announcing would be dangerous, futile or destructive to the purposes of the investigation.)

Because the agents failed to comply with 18 U.S.C. § 3109, all evidence seized must be suppressed.

Respectfully submitted,

Respectfully submitted,

<u>Christopher M. Davis</u>
Christopher M. Davis
The Lincoln Building
514 10th Street NW 9th Floor
Washington, DC 20004
202 234-7300

CERTIFICATE OF SERVICE

I hereby certify that a copy of this Motion was filed electronically and all parties were served through electronic notification on this 18th day of January, 2006.

<u>Christopher M. Davis</u>
Christopher M. Davis

UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA

| | |
|---|---|
| UNITED STATES OF AMERICA<br>v.<br><br>RAYMUNDO LOPEZ-VARGAS | : CRIMINAL NO. 05-246-04(RMC)<br>:<br>: JUDGE COLLYER |

**ORDER**

Upon consideration of the Defendant Raymundo Lopez-Vargas **MOTION TO SUPPRESS TANGIBLE EVIDENCE,** and any opposition or lack thereof, it is this \_\_\_\_\_ day of _____ , 2006 hereby

**ORDERED**  that the motion is **GRANTED**.


_____
ROSEMARY M. COLLYER
U.S. District Judge