

U.S. Department of Justice

Kenneth L. Wainstein
United States Attorney

*District of Columbia*

---

*Judiciary Center*
*555 Fourth St., N.W.*
*Washington, D.C. 20530*

June 30, 2006

BY FAX
Christopher Davis, Esq.
514 Tenth Street, NW
9th Floor
Washington, DC 20004

**FILED**

**AUG - 1 2007**

NANCY MAYER WHITTINGTON, CLERK
U.S. DISTRICT COURT

Re: U.S. v. Raymundo Lopez-Vargas

Dear Mr. Davis:

This letter sets forth the plea agreement this Office is willing to enter into with your client, Raymundo Lopez-Vargas (the "defendant" or "your client"). If your client accepts the terms and conditions of this offer, please have your client execute this document in the space provided below and return it to me. This plea offer expires on July 14, 2006. Upon our receipt of the executed document, this letter will become the plea agreement. The terms of the agreement are as follows:

1. **Charges**. Your client agrees to plead guilty to one count of violating 18 U.S.C. § 371, Conspiracy to Commit an Offense Against the United States, that is, Possession of Fraudulent Documents Prescribed for Authorized Stay or Employment in the United States, in violation of 18 U.S.C. § 1546(a), which is Count One of the pending Indictment. He also must plead guilty to Unlawful Reentry of a Removed Alien, in violation of 8 U.S.C. § 1326(a), which is Count Sixteen of the Indictment.

2. **Wired Plea**. The defendant understands and agrees that this plea offer is "wired," and will not be effective unless and until each of the wired co-defendants, that is, Raymundo Lopez-Vargas, Oscar Aguilar-Gomez, Pedro Hernandez-Carlon and Remigio Gonzalez-Olvera, accept the government's plea offer and enter pleas of guilty.

3. **Potential penalties, assessments, and restitution**. Your client understands that pursuant to 18 U.S.C. § 371, Conspiracy to Commit an Offense Against the United States carries a sentence of not more than 5 years imprisonment, a fine of not more than $250,000, under 18 U.S.C. § 3571(b)(3), or both, and a period of supervised release of not more than three years, 18 U.S.C. § 3583(b)(2). Your client also understands that pursuant to 8 U.S.C. § 1326(a)(2), Unlawful Reentry of a Removed Alien carries a sentence of not more than two (2) years imprisonment, a maximum fine of not more than $250,000, under 18 U.S.C. § 3571(b)(3), and a period of supervised release of not more than one year, 18 U.S.C. § 3583(b)(3). In addition, your client agrees to pay a special assessment of $200 to the Clerk of the United States District Court prior to the date of sentencing. See 18 U.S.C. § 3013.

4. **Additional charges**. If the defendant fulfills all obligations under this plea agreement, then in exchange for the defendant's guilty plea, as described in paragraph 1 above, the government agrees that at the time of sentencing it will dismiss the remaining counts of the Indictment in which the defendant is charged with an offense.

With regard to any charges that will be dismissed subsequent to your client's sentencing pursuant to this agreement, your client acknowledges and agrees that such charges are based in fact and the dismissal of such charges is solely a part of the consideration for this agreement and for no other reason and provides your client with no basis to claim "prevailing party" status under the "Hyde Amendment," P. L. 105-119 (1997). Further, your client specifically agrees not to file any claim under that law.

5. **Release/Detention and Actions Pending Sentencing**. Your client agrees not to seek his release and not to object to the government's recommendation to the Court at the time of the plea of guilty in this case that, pursuant to 18 U.S.C. § 3143, your client be detained without bond pending your client's sentencing in this case. Prior to his guilty plea, the defendant further agrees to provide, or to give consent to obtain, any and all false identification documents, materials, devices and computers used to make such documents and materials which are or were in his possession, or which he or any accomplices used.

6. **Waiver of constitutional and statutory rights**. Your client understands that by pleading guilty in this case, your client agrees to waive certain rights afforded by the Constitution of the United States and/or by statute, including: the right to be indicted by a grand jury; the right to plead not guilty; and the right to a jury trial. At a jury trial, your client would have the right to be represented by counsel, to confront and cross-examine witnesses against your client, to compel witnesses to appear to testify and present other evidence on your client's behalf, and to choose whether to testify. If your client chose not to testify at a jury trial, your client would have the right to have the jury instructed that your client's failure to testify could not be held against your client. Your client would further have the right to have the jury instructed that your client is presumed innocent until proven guilty, and that the burden would be on the United States to prove your client's guilt beyond a reasonable doubt. If your client were found guilty after a trial, your client would have the right to appeal the conviction.

Your client understands that the Fifth Amendment to the Constitution of the United States protects your client from the use of self-incriminating statements in a criminal prosecution. By entering this plea of guilty, your client knowingly and voluntarily waives or gives up this right against self-incrimination.

7. **Sentencing**. Your client fully and completely understands that the determination of the defendant's sentence will be made solely by the Court and that the government's recommendation, if any, is not binding upon the Court or the United States Probation Office. Your client understands and agrees that your client will not be allowed to withdraw the guilty plea entered pursuant to this plea agreement solely because of the harshness of any sentence recommended by the Probation Office or imposed by the Court, and that a motion to withdraw the plea on that basis may be treated by the United States as a breach of this plea agreement.

8. **Deportation**. Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of U.S. Immigration and Customs Enforcement. The defendant further understands and agrees that the filing of any applications for relief from removal, deportation, or exclusion, either written or oral, or the prosecution of any pending applications, before any federal court, the Board of Immigration Appeals, an immigration judge, or the Immigration and Naturalization Service, shall breach this plea agreement.

9. **Reservation of allocution**. Your client understands that the United States reserves its full right of allocution for purposes of sentencing in the federal charge. The United States reserves the right to describe fully, both orally and in writing, to the sentencing judge the nature and seriousness of your client's misconduct, including misconduct not described in the charge to which your client is pleading guilty. The United States also reserves the right to inform the presentence report writer and the Court of any relevant facts, to dispute any factual inaccuracies in the presentence report, and to contest any matters not provided for in this plea agreement.

Your client also understands that the United States retains its full right of allocution in connection with any post-sentence motion which may be filed in this matter and/or any proceeding(s) before the Bureau of Prisons. The United States reserves the right to appeal the sentence in this case.

10. **Interpreter**. Your client agrees that if an interpreter is required to assist your client in translating this plea agreement into your client's native language, then your client agrees to request the Court, pursuant to 28 U.S.C. § 1827, "The Court Interpreter's Act," to secure the services of a certified interpreter at Court expense to verbally translate the plea agreement and related documents for your client into your client's native language. If no such request is made, then the defendant hereby declares that he understands the English language sufficiently well to read and understand this plea agreement.

11. **Breach of agreement**. Your client understands and agrees that if your client fails specifically to perform or to fulfill completely each and every one of your client's obligations under this plea agreement, or commits any further crimes, your client will have breached this plea agreement. In the event of such a breach, (a) the United States will be free from its obligations under the agreement; (b) your client will not have the right to withdraw the guilty plea; (c) your client shall be fully subject to criminal prosecution for any other crimes which your client has committed or might commit, if any, including perjury and obstruction of justice; and (d) the United States will be free to use against your client, directly and indirectly, in any criminal or civil proceeding all statements made by your client and any of the information or materials provided by your client, including such statements, information and materials provided pursuant to this agreement or during the course of any debriefings conducted in anticipation of, or after entry of this agreement, including your client's statements made during proceedings before the Court pursuant to Fed. R. Crim. P. 11.

Your client acknowledges discussing with you Federal Rule of Criminal Procedure 11(f) and Federal Rule of Evidence 410, rules which ordinarily limit the admissibility of statements made by a defendant in the course of plea discussions or plea proceedings if a guilty plea is later withdrawn. Your client knowingly and voluntarily waives the rights which arise under these rules. As a result of this waiver, your client understands and agrees that any statements which are made in the course of your client's guilty plea will be admissible against your client for any purpose in any criminal or civil proceeding if your client breaches this plea agreement or your client's guilty plea is subsequently withdrawn. Moreover, in the event your client's guilty plea is withdrawn, your client agrees that the United States will be free to use against your client in any criminal or civil proceeding any statements made during the course of any debriefing conducted in this case, regardless of whether those debriefings were previously covered by an "off the record" agreement by the parties.

Your client understands and agrees that the United States shall only be required to prove a breach of this plea agreement by a preponderance of the evidence. Your client further understands and agrees that the United States need only prove a violation of federal, state, or local criminal law by probable cause in order to establish a breach of this plea agreement.

Nothing in this agreement shall be construed to permit your client to commit perjury, to make false statements or declarations, to obstruct justice, or to protect your client from prosecution for any crimes not included within this agreement or committed by your client after the execution of this agreement. Your client understands and agrees that the United States reserves the right to prosecute him/her for any such offenses. Your client further understands that any perjury, false statements or declarations, or obstruction of justice relating to your client's obligations under this agreement shall constitute a breach of this agreement. However, in the event of such a breach, your client will not be allowed to withdraw this guilty plea.

12. **Prosecution by other agencies/jurisdictions**. This agreement only binds the United States Attorney's Office for the District of Columbia. It does not bind any other United States Attorney's Office or any other office or agency of the United States government, including, but not limited to, the Tax Division of the United States Department of Justice, the Internal Revenue Service

of the United States Department of the Treasury; U.S. Immigration and Customs Enforcement; or any state or local prosecutor. These individuals and agencies remain free to prosecute your client for any offense(s) committed within their respective jurisdictions. Because your client is not a citizen of the United States, your client understands and acknowledges that the guilty plea in this case will subject your client to detention, deportation and other sanctions at the direction of U.S. Immigration and Customs Enforcement.

     13. **No other agreements**. No other agreements, promises, understandings, or representations have been made by the parties other than those contained in writing herein, nor will any such agreements, promises, understandings, or representations be made unless committed to writing and signed by your client, your client's counsel, and an Assistant United States Attorney for the District of Columbia, or made by the parties on the record before the Court.

     If your client agrees to the conditions set forth in this letter, both your client and you should sign the original in the spaces provided below and return the executed plea agreement to me. The original of this plea agreement will be filed with the Court.

                                     Sincerely,

                                     Kenneth L. Wainstein, #451058
                                   United States Attorney

                                   Frederick W. Yette, #385391
                                   Assistant U.S. Attorney

## Defendant's Acceptance

I have read this plea agreement and carefully reviewed every part of it with my attorney. I am fully satisfied with the legal services provided by my attorney in connection with this plea agreement and all matters relating to it. I fully understand this plea agreement and voluntarily agree to it. No threats have been made to me, nor am I under the influence of anything that could impede my ability to understand this plea agreement fully. No agreements, promises, understandings, or representations have been made with, to, or for me other than those set forth above. I am pleading guilty because I am guilty of the criminal offense to which I am entering a guilty plea.

_8-1-2006_  
Date

_Raymundo Lopez Vargas_  
Raymundo Lopez-Vargas

## Defense Counsel's Acknowledgment

I am Raymundo Lopez-Vargas's attorney. I have reviewed every part of this plea agreement with him. It accurately and completely sets forth the entire agreement between defendant and the Office of the United States Attorney for the District of Columbia.

_8-1-06_  
Date

_[signature]_  
Christopher Davis  
Counsel for Mr. Lopez-Vargas