UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF COLUMBIA


| | |
|---|---|
| UNITED STATES OF AMERICA : | |
| v. : | Crim. No. 05-246-04 |
| RAYMUNDO LOPEZ-VARGAS : | |

**MEMORANDUM IN AID OF SENTENCING**

Raymundo Lopez-Vargas, by and through counsel, submits this memorandum in aid of sentencing for the Court's consideration.

**Motion for Downward Departure**

**A. Defendant's Status as a Deportable Alien Warrants a Downward Departure**

As the Presentence Report indicates at paragraphs 88 and 89, Defendant's status as a deportable alien is a factor the Court can take into consideration when determining if a downward departure is appropriate. As a deportable alien, Defendant is not entitled to the benefit of 18 U.S.C. § 3624(c), which allows prisoners to enter into pre-release programs for up to six months before the end of their sentences. In *Lartey v. Department of Justice*, 790 F.Supp. 130 (D.C.LA 1992), it was determined that the right to participate in such programs does not extend to deportable aliens. Our circuit held in *United States v. Smith*, 27 F.3d 649 (1999), that a downward departure from recommended sentencing range may be appropriate if a defendant's status as deportable alien is likely to cause a fortuitous increase in the severity of his confinement. Because Mr. Vargas-Lopez will not be able to participate in many of the programs otherwise available, a downward departure is warranted.

**B. Defendant is Entitled to Departure Based on Coercion and Duress**

One day in April, 2003, at approximately 11:00 p.m, five individuals brutally attacked Mr. Lopez-Vargas at the Ft. Totten Metro Station. He was taken to the Washington Hospital Center and released the next morning. He suffered significant injury to his teeth and very recently one of his teeth fell out. The next day, the individual for whom Defendant was working selling the illegal documents called him and asked if he was okay and told him he should really think about coming back to work. All of this occurred right after Defendant tried to quit the illegal activity.

U.S.S.G § 5K2.12 provides, "If the defendant committed the offense because of serious coercion, blackmail or duress, under circumstances not amounting to a complete defense, the court may depart downward. … Ordinarily coercion will be sufficiently serious to warrant departure only when it involves threat of physical injury, substantial damage to property or similar injury resulting from the unlawful action of a third party or from natural emergency."

Because of the vicious assault, Mr. Lopez-Vargas was understandably fearful of not continuing in the criminal activity. Because of this nearly life-threatening coercion, Defendant is entitled to a downward departure.

**C. Time Spent in Custody as an Illegal Immigrant**

On August 5, 2005, Defendant's premises were searched pursuant to a warrant. Following the search, he gave a lengthy statement concerning his involvement in the criminal activity after being assured he would be allowed to return to Mexico. Instead,

he was detained by Immigration as an illegal alien. He was indicted on federal charges on September 22, 2005, and taken into federal custody on October 15, 2005. Defendant requests that this Court grant him a downward departure of 10 weeks so that he may receive the benefit of the time served in immigration custody.

In *United States v. Montez-Gavira*, 163 F.3d 697 (2nd Cir. 1998), the court held that a district court judge did not have the authority to give a defendant credit for time served while in INS custody. The court went on to state, however, that pursuant to U.S.S.G. § 5K2.0, a district court could depart downward from the otherwise applicable Sentencing Guidelines range on the basis of uncredited time served by defendant in state custody on a detainer lodged by Immigration and Naturalization Service (INS) prior to his conviction.

In this case, but for the search and recovery of the illegal documents pursuant to the federal search warrant, Mr. Lopez-Vargas would not have been detained as an illegal immigrant. Moreover, although his case was indicted on September 26, he was not taken into federal custody until October 15. For these reasons, Mr. Lopez-Vargas asks that this Court grant him a downward departure so that he can receive the benefit of the time he was detained before being taken into federal custody.

**Considerations Pursuant to 18 U.S.C. § 3553(a)**

*United States v. Booker*, 125 S.Ct. 738 (2005), marked the end of twenty years of mandatory federal sentencing guidelines. This Court must now sentence Vargas-Lopez in accordance with 18 U.S.C. § 3553(a), taking the sentencing guideline range into consideration as but one factor among many, to consider when imposing sentence for a

3

federal conviction.  The core requirement of 18 U.S.C. §3553(a) is that the court impose "a sentence sufficient, but not greater than necessary to comply with the purposes "of sentencing set forth in § 3553(a), which provides no order of priority among the factors.

    7.  The factors outlined in § 3553(a) are as follows

> *  The nature and circumstances of the of the offense and the history and characteristics of the defendant 18 U.S.C. § 3553(a)(1);
>
> *  the need for the sentence imposed "to reflect the seriousness of the offense, to promote respect for the law, and to provide just punishment for he offense," 18 U.S.C. § 3553(a)(2)(A);
>
> *  the need for the sentence imposed "to afford adequate deterrence to criminal conduct," 18 U.S.C. § 3553(a)(2)(B);
>
> *  the need for the sentence imposed "to protect the public from further crimes of the defendant," 18 U.S.C. § 3553(a)(2)(C);
>
> *  the need for the sentence imposed "to provide the defendant with needed educational or vocational training, medical care, or other correctional treatment in the most effective manner, 18 U.S.C. § 3552(a)(2)(D);
>
> *  the kinds of available sentences available, 18 U.S.C. § 3553(a)(3);
>
> * the guidelines in effect at the date of sentencing and any pertinent policy statements, 18 U.S.C. § 3553(a)(4) and (5);
>
> * "the need to avoid unwarranted sentencing disparities among defendants with similar records who have been found guilty of similar conduct," 18  U.S.C. § 3553(a)(6);
>
> * "the need to provide restitution to any victims of the offenses," 18 U.S.C.  § 3553(a)(7).

The Defendant submits that subsections (1), (2), and (3), in particular, warrant the Court's attention.   According to the sentencing guidelines, Mr. Lopez-Vargas is facing a sentencing range of 18 to 24 month incarceration.  He has already served one year in federal custody.  The government has agreed that the defendant should be sentenced at

4

the low end of the guidelines, i.e., 18 months.  Assuming he receives the 54 days per year good time credit, Mr. Lopez-Vargas will be eligible for release on (approximately) January 23, 2007.

But this Court can consider the factors in 3553(a) and sentence Defendant to a shorter period of time.  To that end, Defendant asks the Court to consider the following facts.

Mr. Lopez-Vargas has no criminal record.  He has never been incarcerated before August 2005.  While the offense was a serious one, it was a non-violent one.  Defendant tried to disengage himself from the criminal activity and was badly beaten for having done so.  As Mr. Lopez-Vargas will readily tell the Court, he has learned from his incarceration and is more than willing to become a law-abiding individual.

As noted above, Defendant will not eligible for many of programs and other benefits available to other prisoners because he is a deportable illegal alien.   He also was detained for 10 weeks before being taken into federal custody.  He cannot, however, get credit for that time already served.

As the Presentence Report indicates, Mr. Lopez-Vargas has an 11 year old son living in Mexico.  Defendant wants very much to see his son, as well as his own mother.  He respectfully asks that this Court impose a sentence that will allow him to return to Mexico in time to spend Christmas with his son and with his mother.[1]

Mr. Lopez-Vargas asks the Court to take all of these factors into consideration and to sentence him to time served.

---

[1] Defendant has already been processed by Immigration and will be deported upon release.

5

Respectfully submitted,

_____/s/_____
Christopher M. Davis #385582
The Lincoln Building
514 10th St., NW – 9th Floor
Washington, D.C. 20004
(202) 234-7300

## CERTIFICATE OF SERVICE

I HEREBY CERTIFY that a copy of the Memorandum was served via the Court's ECF System upon Frederick Yette, AUSA, on this 12th day of October, 2006.

_____/s/_____
Christopher M. Davis